IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SLOGER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **04-291 WDS** |
| ) | |
| **MIDWEST MEDICAL SUPPLY** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion to Quash Subpoena for Robert Dahm. **(Doc. 16)**.

Plaintiff is suing his employer for breach of contract, failure to pay commissions owed to him, and age discrimination in employment. The instant motion concerns plaintiff's attempt to take the deposition of a non-party, Robert Dahm, principal of Belleville West High School.

Plaintiff served a notice of deposition entitled "Notice of Records Deposition" on defendant's counsel, along with a subpoena which directed Mr. Dahm to appear for deposition. The subpoena does not direct Mr. Dahm to produce documents. The record does not reflect whether the subpoena was actually served on Mr. Dahm.

Plaintiff's purpose in taking the deposition is to determine whether plaintiff's supervisor, Richard Hawkins, graduated from high school. Plaintiff does not explain how that issue is relevant, except to say that Mr. Hawkins testified in his deposition that he did graduate, but plaintiff "has a question regarding whether, in fact, graduation occurred." **See, Plaintiff's Response, Doc. 20.**

1

**Fed.R.Civ.P. 26(b)(1)** permits discovery of material that is not admissible if the discovery appears "reasonably calculated to lead to the discovery of admissible evidence." Plaintiff does not argue that whether Mr. Hawkins graduated from high school is somehow independently relevant. Rather, he is apparently seeking information with which to impeach Mr. Hawkins' testimony that he, in fact, graduated.

The question of whether Mr. Hawkins graduated from high school is tangential, at best. This Court believes that it would be overly burdensome to require Mr. Dahm, a non-party, to appear for a deposition to testify and/or produce records as to this issue. The notice of deposition and subpoena should therefore be quashed. **Rule 45 (c)(3)(A)(iv)**.

Upon consideration and for good cause shown, defendant's Motion to Quash Subpoena for Robert Dahm **(Doc. 16)** is **GRANTED.**

**IT IS SO ORDERED**.

**DATE:  April 20, 2005.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**